**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-26096-BLOOM/Elfenbein**

ZHAOZHE WU,

    Plaintiff,

v.

THE PARTNERSHIPS, UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

    Defendants.

_____/

**OMNIBUS ORDER REGARDING SCHEDULE "A" CAUSES OF ACTION**

    **THIS CAUSE** comes before the Court upon *sua sponte* review. The Complaint for Damages and Injunctive Relief alleges violations of Plaintiff's intellectual property rights by Defendants identified on Schedule "A." *See generally* ECF No. [1]. The Court, having previously handled similar cases brought against defendants who have been identified solely by their internet username or marketplace addresses, anticipates that Plaintiff has filed or will soon file an *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3). *See generally, e.g.*, *Am. Honda Co. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 24-24251, 2024 WL 5342502 (S.D. Fla. Nov. 15, 2024). In the interests of judicial economy and due process, it is **ORDERED AND ADJUDGED** as follows:

    1.    Any pending motions are **DENIED** *without prejudice and with leave to refile* **within fourteen (14) days** of the date of this Order, in compliance with the following:

Case No. 25-cv-26096-BLOOM/Elfenbein

a. Any request for alternate service under Federal Rule of Civil Procedure 4(f)(3), entry of temporary restraining order, or entry of preliminary injunction must be filed **separately** from the Complaint via the appropriate motion.

b. Any motion for entry of temporary restraining order must be filed **separately** from any motion for entry of preliminary injunction.

c. Any motion for entry of temporary restraining order or for entry of preliminary injunction must include detailed steps Plaintiff has taken to verify that this Court has personal jurisdiction over **EACH** Defendant. *See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) ("The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant."). Plaintiff must sufficiently allege this Court's jurisdiction over **EACH** Defendant pursuant to Florida Statutes § 48.193(1)(a)(1)–(2) and § 48.193(1)(a)(6), or, in the alternative, Rule 4(k) of the Federal Rules of Civil Procedure.

d. Any motion for entry of temporary restraining order or for entry of preliminary injunction must include or incorporate allegations that show: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest," and establish entitlement to relief with regard to **EACH** Defendant. *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995). Additionally, if a motion requests entry of a temporary restraining order without notice to the adverse party or parties, the motion must also plead "specific

facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant's attorney must certify "in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1).

e. Any motion for alternate service upon Defendants must state what methods Plaintiff has undertaken to effectuate service. A motion for alternate service will not be granted where a plaintiff does not provide evidence or affidavits to show what efforts Plaintiff has undertaken to determine whether the addresses it has on file for **EACH** Defendant are actually associated with **EACH** Defendant. *See, e.g.*, *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-2483, 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (finding alternative process under Rule 4(f)(3) proper where plaintiff "conducted further online research, sent mail to the addresses, and conducted in-person visits" to determine whether physical addresses provided by Amazon were accurate). Further, any motion for alternate service effectuated upon a foreign defendant pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure **must** detail:

   i. the proposed method of service for **EACH** Defendant;
   ii. the domicile of **EACH** Defendant;
   iii. what reasonable efforts were undertaken to discover **EACH** Defendant's domicile; and

3

       iv. whether the form of alternate service requested is permitted by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents given **EACH** Defendant's domicile.

2. Additionally, within **fourteen (14) days** of the date of this Order, counsel for Plaintiff shall file a verified response to this Order, which must include:

    a. Whether counsel has conducted a search of case filings in the records of the Clerk of the United States District Court **for all districts** to ascertain whether Defendants have ever been sued *prior to the filing of this suit* for any alleged violations of Plaintiff's intellectual property rights. If counsel did not conduct such a search prior to the filing of this lawsuit, counsel shall conduct that search prior to responding to this Order and indicate the results of that search in a verified response.

    b. If there has been a prior suit of the nature referred to in paragraph 2(a), *supra*, counsel shall include in the verified response information about the present status of that litigation, if it is pending, and, if not pending, the nature of the disposition (*e.g.*, settlement, dismissal, or other disposition).

    c. If a prior suit of the nature described in paragraph 2(a), *supra*, was resolved by settlement, counsel shall furnish to the Court specific details of that settlement, including any agreement for attorney's fees and costs that is either known to counsel or which can be ascertained with reasonable inquiry. Copies of these documents shall be furnished with the response to this Order. Counsel shall also explain whether Defendants have complied with any settlement agreement and, if not, what actions Defendants must take to comply with that settlement agreement.

       d. Counsel shall explain what efforts were taken by the parties to the prior litigation to enforce the terms of any prior settlement agreement.

3. Motions to file documents under seal or to proceed anonymously or pseudonymously in these cases are disfavored by the Court. *See Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978) ("The operations of the courts and the judicial conduct of judges are matters of utmost public concern."); *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("It is the exceptional case in which a plaintiff may proceed under a fictitious name."). Accordingly, any such motions shall be denied with leave to refile only after all the requirements of this Order have been complied with and only once the exceptional circumstances required to grant such a motion have been shown.

4. To the extent the operative Complaint is not in compliance with the terms of this Order, Plaintiff shall promptly file an Amended Complaint.

5. Failure to comply with any of the requirements set forth herein will result in the dismissal of this case for failure to comply with Court orders, without further notice. *See* FED. R. CIV. P. 41(b).

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 31, 2025.

                                                         **BETH BLOOM**
                                                         **UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record